FILED

2006 AUG 31   AM 10: 39

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROY MCNEIL,<br><br>                              Petitioner,<br><br>       v.<br><br>RICHARD J. KIRKLAND,<br><br>                              Respondent. | CASE NO.   05CV1852-J (PCL)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION; and**<br><br>**(2) GRANTING RESPONDENT'S MOTION TO DISMISS** |

Before the Court is Respondent Richard J. Kirkland's ("Respondent") Motion to Dismiss Petitioner James Roy McNeil's ("Petitioner") Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. [Doc. Nos. 6, 1.] Magistrate Judge Peter C. Lewis has filed a Report and Recommendation ("R&R") recommending that this Court grant Respondent's Motion to Dismiss. [Doc. No. 10.] To date, Petitioner has filed no objections. The issues presented are decided without oral argument. *See* S.D. Cal. Civ. R. 7.1.d.1 (2006). For the reasons set forth below, this Court **GRANTS** Respondent's Motion to Dismiss.

### *Background*

On March 29, 2000, Petitioner pled guilty in San Diego County Superior Court to felonious indecent exposure, and admitted to having two prior strikes pursuant to California

- 1 -

1    Penal Code § 667(b)(i). (*See* Resp't's Lodgm't No. 1 at 1-2.) Petitioner also requested
2    immediate sentencing, and on the same day received a term of twenty-five years to life in
3    prison. (*See* Resp't's Lodg't No. 2 at 5.) As a part of the plea agreement, Petitioner
4    waived his right to appeal. (*See* Resp't's Lodg't No. 1 at 6.) Petitioner did not file a direct
5    appeal of his conviction or sentence.

6         On June 27, 2000, Petitioner filed a petition for writ of habeas corpus in the San
7    Diego County Superior Court. (*See* Resp't's Lodg't No. 3 at 1.) Petitioner claimed that he
8    was confused during court proceedings due to a psychiatric condition that caused him to
9    hear voices. (*See id.* at 3-4.) Petitioner asked the court to grant a competency hearing and
10   to allow him to withdraw his guilty plea. (*See id.*) In explaining his delay in filing the
11   petition, Petitioner claimed ignorance of the law. (*See id.* at 6.) On July 25, 2000, the
12   Superior Court denied the petition. (*See* Resp't's Lodg't No. 4.)

13        On December 11, 2001, Petitioner filed a petition for writ of habeas corpus with the
14   California Court of Appeal, Fourth Appellate District, Division One. (*See* Resp't's Lodg't
15   No. 5.) Petitioner again claimed mental incompetence at trial as a result of a psychiatric
16   condition, but also added that his court appointed attorney coerced him into signing the plea
17   agreement. (*See id.* at 3.) On March 6, 2002, the Court of Appeal denied the petition,
18   noting that there was no evidence indicating that Petitioner's plea was anything but
19   knowing and voluntary. (*See* Resp't's Lodg't No. 6.) Petitioner did not present his claims
20   to the California Supreme Court. (*See* Resp't's Lodg't No. 7.)

21        On September 15, 2005, Petitioner filed the instant Petition in federal court. (*See*
22   Order Transferring Action at 1.) In his Petition, Petitioner sets forth four claims: (1) the
23   trial court erred by failing to hold a competency hearing before accepting his plea;
24   (2) Petitioner's court appointed attorney coerced him into signing the plea agreement;
25   (3) Petitioner's psychiatric condition rendered him mentally unstable when he signed his
26   plea agreement; and (4) the trial court erred by sentencing Petitioner the same day he
27   entered his guilty plea, and by not giving him the right to appeal. (*See* Pet'r's Pet. at 3-6.)
28        On November 7, 2005, Respondent filed the present Motion to Dismiss the Petition.

1  [Doc No. 6.]  Petitioner did not file an opposition.  Magistrate Judge Lewis issued an R&R

2  recommending granting of Respondent's Motion to Dismiss.  [Doc. No. 10.]  Petitioner did

3  not file any objections to the R&R.

4

5  ***Legal Standard***

6      The duty of the district court in connection with a Magistrate Judge's Report and

7  Recommendation in habeas cases is set forth in Rule 72(b) of the Federal Rules of Civil

8  Procedure and in 28 U.S.C. § 636(b)(1).  When an objection is made, the Court must make

9  a *de novo* determination as to those parts subject to objection.  *See United States v.*

10 *Raddatz*, 447 U.S. 667, 676 (1980).

11     When no objections are filed, the Court may assume the correctness of the

12 Magistrate Judge's findings of fact and decide the motion on the applicable law.  *See*

13 *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).  Under such

14 circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the

15 trial court of its burden to give *de novo* review to factual findings; conclusions of law must

16 still be reviewed *de novo*."  *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989) (citation

17 omitted) *overruled on other grounds by Simpson v. Lear Astronics Corp.,* 77 F.3d 1170,

18 1174 (9th Cir. 1996).  In this case, Petitioner filed no objections.  Accordingly, this Court

19 will assume the correctness of the findings of fact and conduct a *de novo* review of the

20 conclusions of law.

21

22 ***Discussion***

23     In the R&R, the Magistrate Judge recommends Respondent's Motion to Dismiss be

24 granted for two reasons: (1) Petition's claim is time-barred under the federal Antiterrorism

25 and Effective Death Penalty Act of 1996 ("AEDPA"), and (2) Petitioner failed to exhaust

26 all state judicial remedies available to him.  (*See* R&R at 2, 5.)  For the reasons set forth

27 below, this Court **ADOPTS** the R&R in its entirety, and **GRANTS** Respondent's Motion

28 to Dismiss.

1    **I. Petitioner's Petition is Time-barred.**

2         The Magistrate Judge correctly concludes that the Petition must be dismissed

3    because Petitioner filed his petition after the statute of limitations had expired. (*See* R&R

4    at 3.) Under the AEDPA, a prisoner has one year from the date the conviction becomes

5    "final by conclusion of direct review or the expiration of the time for seeking such review"

6    to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1)(A)

7    (2005). If a petitioner does not file a direct appeal, the judgment becomes final when the

8    sixty-day deadline for filing an appeal expires. *See* Cal. Rules of Court 30.1(a).

9         As correctly calculated by the Magistrate Judge and by Respondent, Petitioner's

10   conviction became final on May 30, 2000[1]. (*See* R&R at 3; Resp't Mem. Supp. Mot. to

11   Dismiss at 3.) Thus, the AEDPA's one year statute of limitations began running on May

12   30, 2000 and ended on May 30, 2001. However, Petitioner did not file his Petition in

13   federal court until September 15, 2005. (*See* Order Transferring Action at 1.) Accordingly,

14   this Court **FINDS** that Petitioner did not file his Petition within the one year statute of

15   limitations. Thus, Petitioner's Petition is untimely unless statutory or equitable tolling can

16   bring the Petition within the limitations period.

17        ***A. Petitioner's Petition Exceeds the Extension Granted by Statutory Tolling.***

18        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

19   application for State post-conviction or other collateral review with respect to the pertinent

20   judgment or claim is pending shall not be counted toward" the one year limitation period.

21   28 U.S.C. § 2244(d)(2). The statute of limitations may be tolled "from the time the first

22   state habeas petition is filed until the California Supreme Court rejects the petitioner's final

23   collateral challenge," so long as the subsequent filings occurred within a reasonable time.

24   *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999), *see also Evans v. Chavis,* 126 S. Ct.

25   846, 854 (2006) (holding a habeas petition in California to be untimely because petitioner

26   _____

27        [1] Petitioner's conviction was rendered on March 29, 2000. (*See* Resp't Lodgm't No. 1 at 5.)
     He did not appeal so his judgment became final sixty days thereafter, on May 28, 2000. Since that day

28   was a Sunday, and the next day was a legal holiday, the last day of the period was on May 30, 2000.
     *See* Fed. R. Civ. P. 6(a) (the last day of the period so computed shall be included, unless it is a Sunday,
     or a legal holiday).

1   could not explain why he waited three years after the denial of his petition at the California

2   Court of Appeals before filing with the California Supreme Court).  The United States

3   Supreme Court has held that the one year time limitation is statutorily tolled when a state

4   habeas petition is "pending," during the interval between a lower state court's denial of the

5   petition and the petitioner's filing of an appeal to the next level court.  *See Carey v. Saffold*,

6   536 U.S. 214, 221 (2002).  While statutory tolling may extend the statute of limitations, this

7   Court **FINDS** that any tolling has not carried this Petition into an acceptable time period.

8        Petitioner filed his Petition more than two years after the statute of limitations

9   expired.  As stated earlier, Petitioner's conviction became final on May 30, 2000.

10  Petitioner filed his first state habeas corpus petition in San Diego Superior Court, twenty-

11  eight days into his statute of limitations, on June 27, 2000.  Because his petition was

12  "pending" in court, his statute of limitations began tolling on June 27, 2000, and would stop

13  tolling when the court came to a decision.  On March 6, 2002, the Court of Appeal denied

14  his petition.  Because Petitioner did not pursue his claims with the California Supreme

15  Court, his statutory tolling period ended on March 6, 2002.  Petitioner filed the instant

16  petition on September 15, 2005, which as correctly calculated by the Magistrate Judge, was

17  1,289 days after the tolling period ended.  (*See* R&R at 4).  Adding this 1,289 days to the

18  twenty-eight days which had already past, places the non-tolled time period at a total of

19  1,317 days, well past the 365 days allowed under the AEDPA.  Thus, statutory tolling does

20  not bring this Petition within the acceptable period.

21        ***B. Equitable Tolling Does Not Apply.***

22        Alternatively, a petitioner may receive equitable tolling when "extraordinary

23  circumstances beyond a prisoner's control make it impossible to file a petition on time."

24  *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997).  The

25  burden of proof to show equitable tolling falls on the petitioner.  *See Miranda v. Castro*,

26  292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons set forth below, the Court **FINDS**

27  that equitable tolling does not apply in this case.

28        Petitioner has not met his burden of providing sufficient grounds for equitable

05CV1852-J (PCL)

1  tolling.  At most, Petitioner claims ignorance of the law to explain his delay in filing.

2  Unfortunately, ignorance of the law alone does not entitle one to equitable tolling.  *See*

3  *Raspberry v. Garcia,* 448 F.3d 1150, 1153 (9th Cir. 2006) (holding that a petitioner's lack

4  of legal sophistication alone is not an "extraordinary circumstance" and cannot qualify for

5  equitable tolling).

6  Petitioner also alludes to an argument that his attorney allegedly coerced him into

7  signing the plea agreement; however, this is not grounds for equitable tolling. (*See* Pet'r's

8  Pet. at 6.)  While "there are instances in which an attorney's failure to take necessary steps

9  to protect his client's interests is so egregious and atypical that the court may deem

10  equitable tolling appropriate," here, Petitioner has failed to show how his attorney's alleged

11  misconduct with respect to the plea agreement caused Petitioner to not file his Petition in a

12  timely manner.  *See Calderon v. United States Dist. Court,* 128 F.3d 1283, 1288 (9th Cir.

13  1997).

14  Thus, absent other contentions, equitable tolling does not apply.  Accordingly,

15  because Petitioner filed outside the AEDPA's statute of limitations, and neither of the

16  tolling provisions can bring the Petition within the applicable time period, this Court

17  **GRANTS** Respondent's Motion to Dismiss the Petition as untimely.

18  **II.  Petitioner Failed to Exhaust All State Judicial Remedies**

19  Respondent also contends that Petitioner failed to exhaust all state judicial remedies

20  as to all four claims in his Petition. (*See* Resp't's Mem. Supp. Mot. to Dismiss at 2.)  For a

21  federal court to consider such a petition, the applicant must exhaust all remedies available

22  in state court.  *See* 28 U.S.C. § 2254(b)(1) (an application for writ of habeas corpus will not

23  be granted unless the applicant has exhausted the remedies available in state court).  The

24  petitioner must first provide state courts with a "fair opportunity" to evaluate the claims.

25  *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (quoting *Picard v. Connor,* 404 U.S. 270,

26  276-77 (1971)).  In most instances a claim is exhausted once it is presented to the state's

27  highest court, either on direct appeal or through state collateral proceedings.  *See*

28  *Sandgathe v. Maass,* 314 F.3d 371, 376 (9th Cir. 2002).  If the petitioner does not exhaust

05CV1852-J (PCL)

1   all state remedies, the district court must dismiss the petition.  *See Jiminez v. Rice,* 276 F.3d

2   478, 481 (9th Cir. 2001).

3          Although Petitioner did present his claims to the San Diego County Superior Court

4   and the California Court of Appeal, he did not present any of his claims before the

5   California Supreme Court.  Thus, the California Supreme Court did not have a "fair

6   opportunity" to evaluate his claims.  Accordingly, Petitioner has not exhausted all remedies

7   available to him in California state court.  The Court **GRANTS** Respondent's Motion to

8   Dismiss the Petition for failure to exhaust state judicial remedies.

9

10                                          *Conclusion*

11          For the reasons set forth above, this Court **ADOPTS** the R&R, **GRANTS**

12   Respondent's Motion to Dismiss Petitioner's Petition.

13

14          **IT IS SO ORDERED.**

15

16   DATED: ___8-31-06___

17                                              NAPOLEON A. JONES, JR.
                                                United States District Judge
18

19   cc:  All Parties

20          Magistrate Judge Peter C. Lewis

21

22

23

24

25

26

27

28

- 7 -                                                   05CV1852-J (PCL)